### STEPHEN EMERSON *versus* WASHINGTON COUNTY BANK.

The directors of the Washington County Bank, appointed by the Governor and Council, under the act of 1841, accepting the surrender of the charter, had power to enter into a reference of all demands between the bank and a person claiming to be a creditor thereof.

The provision in that act that the assets of the bank should be distributed among all the creditors *pro rata*, did not prevent a creditor from bringing a suit to ascertain the amount due upon a disputed claim; but no execution should be issued on the judgment recovered.

THIS case arose out of a report of referees on a submission under the statute, signed by Harrison Tweed, William Pike and Bion Bradbury, as directors of the bank, appointed by the Governor on the surrender of the charter.

The defendants objected to the acceptance of the report for the following reasons.

1st. That the persons signing the submission were not duly and legally empowered to do so, or to acknowledge the same, in behalf of the defendants, or to bind the corporation by such submission; the charter of said bank having been surrendered, and the said directors being appointed for special and particular purposes, and no others.

2d. Because all demands between the parties were not in fact submitted to the referees, but certain demands were expressly excluded from consideration by the referees, at the hearing before them, at the request of the said Emerson and his attorney.

3d. Because there were no particular demands made out by either of the parties, one against the other, and signed, as by law required, where only particular demands are submitted.

4th. Because, if this report is accepted, and judgment rendered, and execution issue, this would operate an unequal distribution of the assets of the bank, as the execution might be levied and satisfied in full out of the property of the bank; and this in consequence of the act of the directors, while the statute requires the directors to pay out the proceeds of the assets of the bank to the creditors *pro rata.*

It was admitted, that at the hearing before the referees, they expressly excluded from their consideration a claim of said Emerson against said bank, as indorser of a check, "drawn by the cashier of said bank on the Globe bank, Boston, for about $400, now held by one Ordway, on which said Ordway has a suit now pending against said Emerson, and as security for which claim against him, said Emerson holds property of the bank. The submission was of "all demands between the parties."

ALLEN, District Judge, overruled all the objections of the defendants, and ordered that the report be accepted; to which ruling and opinion the defendants excepted.

*Downes,* for the defendants, argued in support of the reasons given in the District Court, why the report should not be accepted.

*J. Granger,* for the plaintiff.

The opinion of the Court was drawn up by

TENNEY J. — Certain objections were made to the report of referees, in the District Court, which objections being overruled, the report was accepted; and to that acceptance exceptions were taken.

The first objection is founded upon the supposed want of power in the directors, who were appointed by the Governor and Council, to enter into the submission. By the second section of the act of 1841, entitled "an act, accepting the surrender of the charter of the Washington County Bank, and

for other purposes," it is provided that the bank shall continue in its corporate capacity for and during the term of two years for the purpose, among other things, of " doing all those acts, which may be necessary in properly closing the affairs of said corporation." In the third section of the same act, the directors to be appointed by the executive, " shall be fully authorized" " to do all and every act and thing, which may be necessary in properly closing the affairs of said corporation." Thus the whole power of settling the affairs of the bank was conferred upon the directors, who became party to the submission. They had the power to make contracts in order to secure the rights of the bank, and to make releases in discharge of contracts before made, for the same purpose. Those having such powers can make a submission. Kyd on Awards, 35.

The second objection is, that all demands were not submitted to the referees, " but certain demands were expressly excluded from consideration by the referees at the hearing before them, at the request of said Emerson and his attorney." The *facts* exhibited by the exceptions do not sustain this objection. The case finds, " that at the hearing before the referees, they expressly excluded from their consideration a claim of said Emerson against said bank, as indorser of a check drawn by the cashier of said bank on the Globe Bank, Boston, for about $400, now held by one Ordway, on which said Ordway has a suit now pending in the S. J. Court of this county against said Emerson, and which stands continued to be defaulted at next term, and as security for which claim against him, said Emerson holds property of the bank." And there is nothing, which shows that the demand was excluded by the request of said Emerson or his attorney. The question, whether the referees excluded this claim improperly or not, is not before us. The whole matter was for their consideration, and no objection was raised in reference to any action of theirs in that particular.

Another objection is, that no demand was made out and signed by one party against the other, and annexed to the submission. It is not insisted, that this is necessary, in a submis-

sion of all demands; this was of such a character and the objection fails.

A fourth objection is, that if the report be finally accepted, execution must issue, which can be satisfied out of the property of the bank, and thereby operate to prevent an equal distribution of the assets. The object of the act referred to, was that all the affairs of the bank should be closed, and that the assets should be equally distributed among all the creditors of the bank, in proportion to their respective claims. It was important that all those claims should be ascertained, and all questions touching their validity or amount should be settled. The plaintiff, in the case before us, would not be entitled to a proportion of the assets until he had established his debt against the bank. It was a disputed claim, submitted to a tribunal of the parties' selection, and could not properly be regarded as valid, until a judgment should be rendered upon the referees' report. But after judgment, it is the duty of the Court to prevent any diversion of the assets by a stay of the execution, which cannot with propriety be enforced.

*Exceptions overruled. — Judgment must be entered as evidencing the plaintiff's claim. — No execution to issue.*